# United States Court of Appeals for the Federal Circuit

05-3311

JAMES A. RUGGIERI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

John J. Rigby, McInory & Rigby, L.L.P. of Arlington, Virginia, argued for petitioner.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were Martha B. Schneider, General Counsel and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3311

JAMES A. RUGGIERI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  July 11, 2006

_____

Before MICHEL, Chief Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

BRYSON, Circuit Judge.

James A. Ruggieri appeals from an order of the Merit Systems Protection Board, Docket No. DC-1221-04-0542-W-1, dismissing his Individual Right of Action appeal under the Whistleblower Protection Act, see 5 U.S.C. §§ 1221, 2302, for lack of jurisdiction.  We reverse and remand.

I

Mr. Ruggieri was employed as an electrical engineer with the Coast Guard until he was removed in October 2000.  After he appealed from the removal action, his personnel file was changed, pursuant to a settlement agreement, to reflect a resignation rather than a removal.

In December 2000, the Materials Management Service of the Department of the Interior ("MMS") issued a vacancy announcement for the position of electrical engineer. The announcement opened on December 4, 2000, and closed on December 26, 2000. Mr. Ruggieri applied for the position, his name was included on a certificate of eligibles, and he was interviewed for the position. MMS, however, did not make a selection for the position and instead canceled the vacancy announcement. MMS later advised Mr. Ruggieri that no selection was made under that vacancy announcement.

In April 2001, MMS issued two more vacancy announcements for electrical engineer positions. Those vacancy announcements opened on April 30, 2001, and closed on May 22, 2001. Applications received under the December 2000 vacancy announcement were not considered at that time. Mr. Ruggieri did not apply for consideration under either of the new vacancy announcements. An applicant was selected under one of those two announcements in June 2001.

Mr. Ruggieri subsequently filed a whistleblower complaint with the Office of Special Counsel. In his complaint, he alleged that MMS did not select him under the December 2000 vacancy announcement because of whistleblowing activities on his part relating to his earlier employment with the Coast Guard. In March 2004, the Office of Special Counsel advised Mr. Ruggieri that it had closed its investigation into his allegations. He subsequently filed a timely Individual Right of Action appeal with the Merit Systems Protection Board.

The administrative judge who was assigned to the case issued two show cause orders to the parties directing them to address jurisdictional issues in the case. In the second of the two orders, the administrative judge set forth the jurisdictional

prerequisites for an Individual Right of Action appeal. The administrative judge explained that in order to prove that the Board has jurisdiction over such an appeal, the appellant must show that he has exhausted his administrative remedies before the Office of Special Counsel and must make nonfrivolous allegations that

> (1) He engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2303(b)(8), i.e., he disclosed information that he reasonably believed evidenced a violation of law, rule or regulation, gross mismanagement, a gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety; and (2) The disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).

The administrative judge found that Mr. Ruggieri had satisfied all of the requirements for Board jurisdiction, except that he had "not yet made a nonfrivolous allegation that the agency took or failed to take a 'personnel action' as defined by 5 U.S.C. § 2302(a)." The administrative judge noted that the Board "has consistently held that the cancellation of a vacancy announcement is not a personnel action under 5 U.S.C. § 2302(a)." Because it appeared that Mr. Ruggieri was challenging the agency's decision to cancel a vacancy announcement, the administrative judge stated that the Board may lack jurisdiction over Mr. Ruggieri's appeal.

Both parties filed evidence and argument pertaining to that jurisdictional issue. Thereafter, on September 28, 2004, the administrative judge dismissed Mr. Ruggieri's appeal for lack of jurisdiction. The administrative judge stated that nonselection for a position may be appealed to the Board in an Individual Right of Action appeal, and that nonselection for a position under a vacancy announcement that has not been canceled is a personnel action covered by the Whistleblower Protection Act. However, the administrative judge ruled that an applicant's nonselection for a position that results

from the cancellation of a vacancy announcement is not a "fail[ure] to take . . . a personnel action" within the meaning of the Whistleblower Protection Act, and that the Board therefore did not have jurisdiction over Mr. Ruggieri's appeal.

Mr. Ruggieri petitioned the full Board for review. When his petition was denied, the administrative judge's decision became the final decision of the Board.

II

The narrow legal question presented by this appeal is whether an agency triggers the Whistleblower Protection Act by "fail[ing] to take . . . a personnel action," 5 U.S.C. § 2302(b)(8), when the agency declines to hire an applicant pursuant to a vacancy announcement, but instead of hiring a different person cancels the vacancy announcement and hires no one for the position at that time.

The Whistleblower Protection Act contains a broad definition of "personnel action," which includes "an appointment." 5 U.S.C. § 2302(a)(2)(A)(i). The Act further provides that it is unlawful for an employee who is authorized to take or approve personnel actions to "take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant" because of any protected disclosure. Id. § 2302(b)(8). Thus, the Act covers the "failure" to make an "appointment" in the federal service when that action is because of a protected disclosure.

Mr. Ruggieri's argument is simple. He contends that when he was not selected for the advertised position of electrical engineer under the first vacancy announcement, the action of not selecting him constituted the "fail[ure] to take . . . a personnel action," 5 U.S.C. § 2302(b)(8), to wit, an "appointment," id. § 2302(a)(2), within the meaning of the Whistleblower Protection Act. He therefore contends that the Board improperly

05-3311                                          4

dismissed his appeal on jurisdictional grounds and instead should have addressed the merits of his claim that the agency took that action for prohibited reasons.

The government takes the position that even though Mr. Ruggieri was not selected under the first vacancy announcement, there was not a failure to appoint him, because the vacancy announcement was canceled and no one was appointed to the position. In the government's view, an agency does not fail to appoint an applicant when it cancels the vacancy announcement under which the applicant applied. The government argues that the failure to appoint occurs only when the agency appoints someone else to the position sought by the applicant.

Although the Board has addressed this issue on several occasions, it is an issue of first impression for us. The Board's decisions characterize "nonselection for a position" as a qualifying "fail[ure] to take . . . a personnel action" within the meaning of the Whistleblower Protection Act but they define nonselection narrowly, recognizing such a claim only if the position in question is ultimately filled by someone other than the complainant. See DiPompo v. Dep't of Veterans Affairs, 62 M.S.P.R. 44, 47 (1994); Wuchinich v. Dep't of Labor, 53 M.S.P.R. 220, 223 (1992); Slake v. Dep't of the Treasury, 53 M.S.P.R. 207, 215-16 (1992).

The Board's position on this issue reflects an unduly narrow construction of the statutory language "fail to take . . . a personnel action." The Whistleblower Protection Act does not state that the failure to select an applicant for employment cannot be actionable unless someone else is selected for the position in the applicant's place. If the statute defined a failure to make an appointment as the act of hiring another applicant in place of the complainant, the Board's construction would have force. But it

does not. It provides that an appointment is a personnel action and that a failure to make an appointment is a trigger for an Individual Right of Action appeal.

To endorse the Board's interpretation of the statute would immunize an agency's decision not to hire a whistleblower, so long as the agency was willing simply not to fill the position for which the whistleblower had applied, even if the agency's conduct was plainly motivated by whistleblowing activity. This case illustrates the potential mischief that could be caused by the Board's interpretation. For purposes of the jurisdictional hearing, the administrative judge accepted Mr. Ruggieri's allegations that the agency declined to hire him because he had made disclosures protected by section 2308(b)(8). Therefore, as this case comes to us, we must assume that Mr. Ruggieri's allegations of retaliation for whistleblowing are true. The Board's position, however, is that he is entitled to no relief under the Whistleblower Protection Act because the agency, even though it rejected his application and did not appoint him, did so by canceling the vacancy announcement rather than appointing a different applicant to the position. Thus, under the Board's interpretation of the Act, the agency could lawfully refuse to hire an applicant because of his whistleblowing activities, as long as it did not hire a different applicant under the particular vacancy announcement in which the whistleblower applied. Nothing in the statutory language or the underlying purpose of the Act suggests that Congress intended to endorse such a formalistic restriction on the type of agency action that would trigger the Whistleblower Protection Act.

This is not to say that any delay in making an employment decision would qualify as a failure to take a personnel action within the meaning of the Act. We acknowledge that it is often more difficult to determine when an agency has failed to take a personnel

action than when it has taken a personnel action. For that reason, the Board has stated in an analogous setting that the failure to make an appointment must manifest itself as a "concrete matter that can be taken or done by an agency and reviewed (and undone) by the Board." Godfrey v. Dep't of the Air Force, 45 M.S.P.R. 298, 303 (1991). We disagree, however, with the Board's suggestion in this case that the only way to define nonselection as a concrete matter falling within the scope of the Act is by restricting it to cases in which an agency has hired someone other than the complainant for an announced vacancy. Instead, the agency must take some identifiable step that constitutes a decision not to hire the complainant. That step may be the hiring of another person in the applicant's stead, but it need not be. In this case, the agency plainly took such a step, as it decided to terminate the hiring process that it had put into effect, by canceling the vacancy announcement. Indeed, the agency affirmed the finality of that decision by sending Mr. Ruggieri a letter advising him that he was not selected for the advertised position. The agency's conduct in this case is sufficient, under the plain language of the statute, to constitute a "fail[ure] to take . . . a personnel action."

Including such conduct within the reach of the Whistleblower Protection Act is consistent with Congress's purpose to protect whistleblowers from a wide variety of actions taken against them in retaliation for protected disclosures. See Caddell v. Dep't of Justice, 96 F.3d 1367, 1372 (Fed. Cir. 1996); Marano v. Dep't of Justice, 2 F.3d 1137, 1139-41 (Fed. Cir. 1993). In light of that congressional purpose, as reflected in the broad statutory language, we hold that Mr. Ruggieri's evidence regarding his nonselection for the position of electrical engineer was sufficient to satisfy the

requirement that an appellant in an Individual Right of Action appeal make a nonfrivolous allegation that the agency has failed to take a personnel action. We therefore reverse the decision on appeal and remand this case to the Board for further proceedings.

<u>REVERSED and REMANDED</u>.