## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSE E. ROSARIO-FABREGAS,
      Appellant,

        v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
NY-1221-18-0073-W-1

DATE: June 15, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jose E. Rosario-Fabregas, San Juan, Puerto Rico, pro se.

E. Christopher Lambert and Elizabeth Moseley, Jacksonville, Florida, for
    the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was a GS-12 Biologist with the agency's Army Corps of Engineers. Initial Appeal File (IAF), Tab 1 at 1. He filed a complaint with the Office of Special Counsel (OSC) in August 2017, alleging that the agency retaliated against him for his whistleblowing activities and disclosures by failing to inform him about a job vacancy announcement. IAF, Tab 4 at 13-19. After OSC completed its investigation, the appellant filed the instant IRA appeal with the Board. IAF, Tab 1 at 4-8, Tab 5 at 5. The administrative judge informed the appellant of his burden of proof on jurisdiction and directed him to submit evidence and argument on that issue. IAF, Tab 3. In response, the appellant provided additional argument and documentation, such as his correspondence with OSC. IAF, Tabs 4-5.

¶3      The administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 2. Specifically, she found that the appellant failed to nonfrivolously allege that anyone in the agency took a personnel action against him. ID at 6.

¶4      The appellant has timely filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the petition, to which the appellant has replied.  PFR File, Tabs 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  To establish jurisdiction in an IRA appeal, an appellant generally must show by preponderant evidence that he exhausted his administrative remedies before OSC and make nonfrivolous allegations[2] that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016).[3]

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

[3] The appellant submits documents for the first time on review.  PFR File, Tab 6 at 15-27.  Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The appellant has made no showing here.  All of the documents that the appellant submits on review predate the November 14, 2018 close of the record below and the appellant has not shown that they were unavailable before the close of the record despite his due diligence.  IAF, Tab 8 at 5.  The appellant also appears to allege as a new personnel action that the agency failed to develop individual development plans under its Total Army Performance Evaluation System (TAPES).  PFR File, Tab 1 at 4-5, 11-13.  However, the appellant did not raise this claim below.  In fact, his only references to the TAPES program below suggested either that his office was exempt or that it was in compliance with the program.  IAF, Tab 4 at 8.  Because the appellant did not prove he exhausted this claim with OSC or raised it below, we decline to consider it further.  The Board may only consider those personnel actions that the appellant raised before OSC.  *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).

<u>The administrative judge correctly found that the appellant failed to nonfrivolously allege that the agency took or failed to take a personnel action against him.</u>

¶6     In order to prevail in his IRA appeal, the appellant must nonfrivolously allege that the agency threatened to take or failed to take, or took or failed to take, a "personnel action," as defined in 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. § 2302(b)(8), (b)(9); *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). As relevant here, "personnel actions" include a promotion or appointment. 5 U.S.C. § 2302(a)(2)(A)(i)-(ii); ID at 3.

¶7     In the initial decision, the administrative judge stated that the appellant alleged that the retaliatory personnel action that resulted from his protected disclosures was the agency's failure to personally notify him about a job vacancy announcement for the GS-13 position of Senior Biologist. ID at 3-4. Although this action was not specifically listed among the personnel actions in 5 U.S.C. § 2302(a)(2)(A), the administrative judge considered whether the agency's failure to notify the appellant of a job vacancy could fall under an appointment. ID at 5. However, the administrative judge found that the agency advertised the GS-13 position nationally and that the appellant did not make a nonfrivolous allegation that anyone involved in the recruitment for the GS-13 position took any steps to prevent him from applying. ID at 6. She further observed that, even assuming management knew he had lost his computer as he claimed, he could have utilized a different computer to access the vacancy announcement. *Id.* Thus, the administrative judge found that the alleged personnel action was not a "personnel action" as defined by 5 U.S.C. § 2302(a)(2)(A). ID at 6. We agree.

¶8     On review, the appellant reiterates his contention that, in reprisal for his whistleblowing activities, the agency subjected him to a personnel action by failing to personally notify him of the job vacancy announcement in an effort to

intentionally exclude him from competition for the position.[4]  PFR File, Tab 1 at 4, 8-9, Tab 6 at 6.  He argues that the administrative judge erred in finding that he did not allege which management officials prohibited him from applying to the position and maintains that it is the positions involved—"supervisors, Human Resources Chief, Commanding EEO and labor counsels"—not the names of the officials involved that are important.  PFR File, Tab 1 at 10, Tab 6 at 7.  These arguments concern whether the appellant nonfrivolously alleged that his protected disclosures were a contributing factor in the agency's alleged action.  *See Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 16 (2016) (explaining that when the personnel action at issue is a nonselection, an appellant can meet his burden to nonfrivolously allege contributing factor without specifically identifying the management officials responsible for the reprisal).  Because the administrative judge did not dismiss the appeal for failure to nonfrivolously

---

[4] On review, the appellant also presents several arguments pertaining to prior appeals already disposed of by the Board.  PFR File, Tab 1 at 2-7.  For example, he argues that the instant appeal is "intrinsically interrelated and intertwined" with his 10-year history of employment with the agency and its prior attempts to remove him.  *Id.* at 5-8.  However, the Board has already issued final decisions on two of his prior removals.  *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-13-0142-I-2, Final Order, ¶¶ 3-4 (July 1, 2016); *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-I-1, Final Order (Nov. 30, 2011).  He also references his alleged constructive suspension and the agency's third attempt to remove him effective August 2018.  PFR File, Tab 1 at 8-9, Tab 6 at 5; *see Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-3443-18-0091-I-1, Initial Appeal File, Tab 1 at 4-5, 12, 14, Tab 11 at 68-69; *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-18-0221-I-1, Initial Appeal File, Tab 1 at 5-6, Tab 6 at 8-9.  These arguments have no relevance to the instant appeal and we have not addressed them.  *See generally Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 25 (2016) (reflecting that under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013) (explaining that when an appellant files an appeal that raises claims raised in an earlier appeal after the initial decision in the earlier appeal has been issued, but before the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency).

allege contributing factor, these arguments are not material to the issue presented on review.

¶9      In previous cases in which the Board has considered whether a failure to promote was a personnel action under whistleblower protection statutes, the agency had announced a vacancy, the appellant had applied for the position, and the agency filled it with another individual or canceled the vacancy announcement. *Ruggieri v. Merit Systems Protection Board*, 454 F.3d 1323, 1325-27 (Fed. Cir. 2006) (holding that, in the context of an appointment, the agency's decision to terminate the hiring process by cancelling the vacancy announcement was sufficient under the plain language of the statute to constitute a "fail[ure] to take . . . a personnel action"). In essence, an appellant can establish he suffered a personnel action by nonfrivolously alleging that the agency intentionally used a particular hiring process as a scheme to deny a whistleblower an opportunity to seek the appointment. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 17 (2010). The appellant observes that he was in a nonduty status and speculates that the agency was aware that he had no computer and internet access and argues that the administrative judge presumed he had an "intelligent phone" that could alert him to the vacancy announcement. PFR File, Tab 1 at 11. Even assuming the appellant's allegations are true, the agency's failure to call him personally is not a failure to take a personnel action "with respect to" him, as required by the whistleblower reprisal statutes. 5 U.S.C. § 2302(a)(2), (b)(8)-(9). Rather, it is a failure to treat him more favorably than other candidates. *See Carr v. Social Security Administration*, 185 F.3d 1318, 1326 (Fed. Cir. 1999) (finding that the Whistleblower Protection Act of 1989 (WPA) is not meant to protect employees from their own misconduct). We decline to find under the circumstances here that the appellant was entitled to the better treatment he seeks.

<u>Absent a personnel action, the Board lacks jurisdiction to review the appellant's claims that the agency violated the law.</u>

¶10        On review, the appellant reasserts that he made protected disclosures. PFR File, Tab 1 at 2-3. However, absent a "personnel action," the Board lacks jurisdiction over the appellant's IRA appeal. *See Shivaee v. Department of the Navy*, [74 M.S.P.R. 383](), 387 (1997) (finding that, in order for a right of appeal to accrue under the WPA, a predecessor to the Whistleblower Protection Enhancement Act of 2012, the appellant must establish that he was subject to a threatened personnel action); *see also Yunus v. Department of Veterans Affairs*, [242 F.3d 1367](), 1371 (Fed. Cir. 2001) (finding that, to establish Board jurisdiction over an IRA appeal, an appellant must establish both that he made a protected disclosure and that the disclosure was a contributing factor in the decision to take or fail to take a personnel action). Therefore, once the administrative judge found that the appellant failed to raise a nonfrivolous allegation that the agency took or failed to take a personnel action against him, she was not required to address whether the appellant had a reasonable belief that the agency was violating the law.[5] *See Shivaee*, 74 M.S.P.R. at 387-89 (dismissing an IRA appeal on the ground that the appellant failed to raise a nonfrivolous allegation of a personnel action, without addressing whether he had a reasonable belief that the agency violated the law).[6]

---

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[6] Because the Board lacks jurisdiction over the underlying action in this appeal, we also lack jurisdiction over the appellant's discrimination and due process claims. *See Rivera v. Department of Homeland Security*, [116 M.S.P.R. 429](), ¶ 16 (2011) (finding that allegations that an agency failed to provide due process and discriminated against the appellant do not confer an independent basis for the Board to review matters outside of its jurisdiction); PFR File, Tab 1 at 5, 12-13, Tab 6 at 10-11.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.