## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEITH FRANKLIN TALLEY,
        Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-1221-19-0132-W-1

DATE: May 14, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Keith Franklin Talley, Nunnelly, Tennessee, pro se.

Charles Andrew Bates, Louisville, Kentucky, for the agency.

Lois F. Prince, Nashville, Tennessee, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant, a GS-06 Program Assistant for the agency's Tennessee Valley Healthcare System (TVHS) in Nashville, Tennessee, contends that the agency did not select him for numerous positions in reprisal for protected whistleblowing activity. Initial Appeal File (IAF), Tab 1 at 7. Beginning in 2012, he raised concerns both inside and outside the agency that the agency violated 5 C.F.R. § 300.605 by failing to credit his service in higher-graded legislative branch positions as time in those grades when not selecting him for various vacancies. *E.g.*, IAF, Tab 1 at 11, Tab 9 at 7, 9, 11, 18-19. In March 2018, the agency agreed, at least as to some of the vacancies for which it did not select the appellant. IAF, Tab 6 at 14. Specifically, it determined that the appellant's higher-graded legislative service was initially not credited in its review of the applications. *Id.* The agency concluded that the error and associated eligibility certificates were corrected prior to referral to the hiring official. *Id.* The appellant disputes their conclusion. *Id.* at 4.

With his appeal, the appellant submitted copies of the complaint he filed with the Office of Special Counsel (OSC) and the letter in which OSC notified him of his right to seek corrective action from the Board. IAF, Tab 1 at 8-16, Tab 6 at 11-13. The administrative judge provided the appellant with notice of how to establish jurisdiction over his appeal. IAF, Tab 2. In response, the appellant alleged that, in reprisal for his alleged protected disclosures of the agency's errors as to his time-in-grade, the agency continued to find that he did not meet the time-in-grade requirement for numerous positions. IAF, Tab 6 at 4, Tab 9 at 4. He also claimed that he had disclosed that the agency had enrolled veterans seeking care at TVHS into the Choice Program, under the Veterans

Access, Choice, and Accountability Act of 2014, without seeking their permission. IAF, Tab 6 at 4-5.

On the written record, and without elaboration, the administrative judge found that the appellant had "exhausted his administrative remedy before OSC with respect to the alleged protected disclosures and personnel actions he raised before OSC." IAF, Tab 11, Initial Decision (ID) at 3. He then found that the appellant made a nonfrivolous allegation that the agency had repeatedly not selected him following his protected disclosure that, in previous nonselections, it had ignored the requirements of 5 C.F.R. § 300.605 concerning his time-in-grade. ID at 3-5. Nevertheless, because the appellant had failed to conclusively identify any management official involved in those nonselections that also had any knowledge of his disclosures, the administrative judge found that the appellant failed to make a nonfrivolous allegation that his protected disclosures were a contributing factor in his nonselections. ID at 5-7. Thus, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 7.

In his petition for review, the appellant identifies several specific individuals that he alleges were aware of his protected disclosures considering prohibited personnel practices and inappropriately enrolling veterans into the Choice Program. Petition for Review (PFR) File, Tab 1 at 4-7. He provides additional documentation in support of his arguments. *Id.* at 8-21. The agency has responded to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant established jurisdiction over his claim that the agency did not select him in reprisal for his disclosure that, in previous nonselections, it had ignored the requirements of 5 C.F.R. § 300.605 concerning his time-in-grade.</u>

Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that

(1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Id.* If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Id.* (citing 5 U.S.C. § 1221(e)(1)-(2)).

The administrative judge found that the appellant exhausted his administrative remedy before OSC without identifying the alleged disclosures and personnel actions the appellant raised before OSC. ID at 3. He then determined that the appellant had made a protected disclosure, finding that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that he disclosed a violation of law, rule, or regulation, concerning the agency's alleged failure to properly credit his time served in the legislative branch. ID at 3-4 (citing *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999)). Next, he found that the nonselections the appellant claimed qualified as personnel actions under whistleblower statutes. ID at 5 (citing *Ruggieri v. Merit Systems Protection Board*, 454 F.3d 1323, 1327 (Fed. Cir. 2006) (finding that a nonselection is a personnel action for the purposes of an IRA appeal)); IAF, Tab 1 at 14-15. The parties do not dispute these findings, and we discern no reason to disturb them.

Nevertheless, the administrative judge found that the appellant failed to make a nonfrivolous allegation that his protected disclosures were a contributing factor in a personnel action because he failed to conclusively identify any

management official involved in any of the alleged nonselections that knew of his disclosures. ID at 6. Because the appellant failed to make a nonfrivolous allegation that his protected disclosures were a contributing factor in a personnel action, the administrative judge dismissed his IRA appeal for lack of jurisdiction. ID at 7.

The administrative judge used an incorrect standard to evaluate the appellant's assertion that his disclosure was a contributing factor in his nonselections. When the personnel action at issue is a nonselection, an appellant can meet his burden to receive a hearing on his whistleblowing claim without specifically identifying which management officials were responsible for the reprisal. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 16 (2016). Thus, the appellant's assertion that agency officials did not select him in reprisal for his protected disclosures is a nonfrivolous allegation that his disclosures were a contributing factor in the agency's decisions. *Id.* Accordingly, he has established jurisdiction over his IRA appeal, and we must remand the appeal for a hearing on the appellant's whistleblowing claim.

<u>The appellant did not exhaust his administrative remedy before OSC with respect to his alleged disclosure concerning the Choice Program.</u>

An employee is required to seek corrective action from OSC before seeking corrective action from the Board, and the Board may only consider those disclosures of information that the appellant raised before OSC. *Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 5 (2012); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Mason*, 116 M.S.P.R. 135, ¶ 8.

The administrative judge found that the appellant exhausted his administrative remedy with respect to the alleged protected disclosures and personnel actions he raised before OSC. ID at 2-3; IAF, Tab 1 at 14-15. Although the initial decision did not specifically identify the disclosures the appellant exhausted, the administrative judge only considered the appellant's disclosure concerning the agency's alleged violation of 5 C.F.R. § 300.605. ID at 3-4. He did not discuss the appellant's claim that he made a protected disclosure that the agency inappropriately enrolled veterans in the Choice Program without their knowledge. IAF, Tab 6 at 4-5. The appellant reiterates that claim on review. PFR File, Tab 1 at 4. With his petition for review, he provides additional documentation concerning, among other things, the Choice Program. *Id.* at 7-9.[2]

The administrative judge advised the appellant of how to demonstrate exhaustion of his administrative remedies before OSC. IAF, Tab 3 at 2. Nevertheless, the appellant provided no evidence indicating that he raised his disclosure concerning the Choice Program before OSC, either below or on review. His OSC complaint solely identifies the disclosure concerning 5 C.F.R. § 300.605 and does not mention any disclosure concerning the Choice Program. IAF, Tab 1 at 8-13. OSC's closing letter similarly restricts its findings

---

[2] Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant makes no such showing. Nevertheless, because the documents that the appellant submits on review, PFR File, Tab 1 at 7-21, Tab 4 at 7-14, do not show that the appellant exhausted his administrative remedies before OSC on his purported disclosure concerning the Choice Program, even if we were to consider them, the documents do not demonstrate that the administrative judge erred in tacitly finding that the appellant failed to establish that he had exhausted this disclosure. To the extent that these documents address the contributing factor issue pertaining to his disclosures concerning the agency's alleged violation of 5 C.F.R. § 300.605, PFR File, Tab 1 at 6, 10-21, Tab 4 at 7-14, because we have found that the appellant established jurisdiction over this claim, we find it unnecessary to address these documents. On remand, the appellant may resubmit these documents, as appropriate, as evidence in support of the merits of his appeal.

to the appellant's alleged disclosure concerning the agency's alleged violation of 5 C.F.R. § 300.605. *Id.* at 14-16; IAF, Tab 6 at 11-13. Thus, the appellant failed to establish that he exhausted this disclosure before OSC. To the extent that, by raising this purported disclosure on review, the appellant intends to challenge the administrative judge's tacit finding that he failed to exhaust this disclosure, because he fails to demonstrate in his petition for review that he raised the issue before OSC, such a challenge must fail.

In conclusion, we find that the appellant has made nonfrivolous allegations of fact sufficient to establish jurisdiction over his claim that the agency did not select him in reprisal for his disclosures that it failed to properly credit his time-in-grade under 5 C.F.R. § 300.605, and he is entitled to a hearing on the merits. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5.

Accordingly, we vacate the initial decision and remand the case to the Atlanta Regional Office for further adjudication consistent with this Order.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[3]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[3] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.