**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SONYA R. JONES, | DOCKET NUMBER |
| Appellant, | AT-1221-20-0649-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 15, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Raymond Mitchell, Columbia, South Carolina, for the appellant.

Karla Brown Dolby, Esquire, Decatur, Georgia, for the agency.

Karen Rodgers, Esquire, Montgomery, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On July 2, 2020, the appellant, a GS-9 Contract Specialist, filed an appeal with the Board alleging that the agency had exhibited favoritism and denied her the opportunity for a promotion as a result of her union affiliation. Initial Appeal File (IAF), Tab 1 at 2-3. The appellant also alleged that the agency preselected whom it hired based on personal relationships. *Id*. at 3. With her initial appeal form, the appellant provided a May 4, 2020 close-out letter from the Office of Special Counsel (OSC) wherein OSC indicated that it was closing its investigation into the appellant's allegations that, because of her union affiliation, "job opportunities [were] limited, [she] received comments on [her] performance review, and managers [had] made statements about the amount of time [she spent] on union matters." *Id*. at 8. The appellant requested a hearing on the matter. *Id*. at 2.

The administrative judge issued a jurisdictional order wherein he explained the circumstances under which the Board has jurisdiction to adjudicate IRA appeals, and he ordered the appellant to file specific evidence and argument regarding jurisdiction. IAF, Tab 3 at 1-8. In response, the appellant identified her protected disclosure/activity as "[l]ocal [u]nion [r]epresentative" and "[r]eported unethical/unfair labor practices by management to [third] parties." IAF, Tab 6 at 4. She identified the personnel action at issue as "[c]ontinue[d] to overlook [the] appellant and manipulate the hiring process as well as the promotion process which [did] not give her a fair opportunity to advance in her career." *Id*. at 4-5.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 1, 10. The administrative judge concluded that

the appellant had failed to make a nonfrivolous allegation that she had either made a protected disclosure or engaged in protected activity insofar as her assertions related thereto were "impermissibly vague." ID at 6-7, 9. In so finding, he explained that the appellant's mere union affiliation and/or status as a union representative did not constitute protected activity under 5 U.S.C. § 2302(b)(9). ID at 9. He also concluded that the appellant had failed to make a nonfrivolous allegation of a personnel action. ID at 7-9.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. The appellant provides additional documents with her petition for review. PFR File, Tab 1 at 6-129.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[2] that she exhausted her remedies before OSC and make nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).

---

[2] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

For the reasons set forth herein, we disagree with the administrative judge's conclusion that the appellant failed to establish Board jurisdiction, and we remand the matter for adjudication of the merits. Of note, the appellant asserts on review that she "was not aware that she was required to present all evidence while the [a]dministrative [j]udge was determining jurisdiction," PFR File, Tab 1 at 4, and she provides additional allegations and evidence, to include a narrative statement, a witness statement, emails, and various correspondence with OSC personnel, *id*. at 6-129. The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence, nor will it generally consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Because the appellant here fails to show that the new evidence/argument that she provides was unavailable to her despite her due diligence, we herein cite the same only insofar as it clarifies and provides context for allegations that the appellant made before the administrative judge.

The appellant made a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and showed that she exhausted her administrative remedies regarding this disclosure.

The appellant has averred that, in January 2020, she asked her supervisor why a particular employee had been promoted to a GS-11 position even though the agency had never posted a vacancy announcement for such a position. IAF, Tab 6 at 5; PFR File, Tab 1 at 8. She alleged that she questioned agency management personnel as to why she and other eligible employees had not been permitted to compete for this position. IAF, Tab 1 at 3, Tab 6 at 5; PFR File, Tab 1 at 8. The appellant explains that, after her supervisor failed to answer her verbal and written inquiries, she contacted both the Acting Director/Deputy

Director of Contracting and the former Director of Contracting regarding this issue. PFR File, Tab 1 at 8. She also explains that "after [she] continued questioning the promotion to management and [the American Federation of Government Employees (AFGE)]" it came to light that the selectee and the Acting Director/Deputy Director of Contracting were acquaintances who had attended the same church and, ultimately, the selectee's promotion did not occur. *Id*. at 9; IAF, Tab 6 at 5.

A protected disclosure is one that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 & n.3 (2013). The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced any of the conditions set forth in 5 U.S.C. § 2302(b)(8). *Id*., ¶ 5.

Here, we find that the appellant may reasonably have believed that, in alerting management to the agency's failure to advertise and/or permit competition for a particular position, she had disclosed a violation of law, rule, or regulation and/or an abuse of authority regarding the agency's selection process. *See McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶¶ 10-13 (2008) (finding that the appellant made a nonfrivolous allegation of statutory violations of 5 U.S.C. § 2302(b)(6) and (b)(12) when she made a disclosure regarding hiring and selection improprieties).

Thus, we conclude that the appellant has made a nonfrivolous allegation of one protected disclosure under 5 U.S.C. § 2302(b)(8), i.e., her January 2020 disclosure regarding improprieties with an agency hiring decision. Moreover, we find that she exhausted her administrative remedies regarding this disclosure insofar as she provided an OSC Form-14 wherein she made specific allegations to

OSC regarding this disclosure. PFR File, Tab 1 at 101-02; *see Mudd*, 120 M.S.P.R. 365, ¶ 12 (explaining that an appellant can demonstrate exhaustion by providing, among other things, her OSC complaint).

<u>The appellant made a nonfrivolous allegation that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(B) and showed that she exhausted her administrative remedies regarding this activity.</u>

The appellant indicated that, since 2011, she has served as the sole union representative/union steward for her office. IAF, Tab 6 at 4; PFR File, Tab 1 at 14-15, 97. Documentation that she provides clarifies that her duties as union steward include both (1) mediation and (2) "speak[ing] up when things are not in accordance with [p]olicy" on behalf of agency employees. PFR File, Tab 1 at 18, 88. In her filings before the administrative judge, the appellant identified as a protected activity "AFGE: incidents vary from 2017 — 2020," IAF, Tab 6 at 4 (punctuation as in original), and, on review, in the context of discussing her union affiliation, she clarifies that she made unspecified "informal and formal complaints" on account of her "willingness to report unethical practices," PFR File, Tab 1 at 7, 15.

Performing certain union-related duties, such as filing grievances and representing other employees in the grievance process, constitutes protected activity under 5 U.S.C. § 2302(b)(9). *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 10 (2015); *see Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶¶ 5-6 (2014) (concluding that an appellant engaged in protected activity when he represented an agency employee during an informal grievance proceeding). Here, we find that the appellant's assertions are sufficient, at the jurisdictional stage, to amount to a nonfrivolous allegation that she "lawfully assist[ed]" individuals in "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation." *See* 5 U.S.C. § 2302(b)(9)(B).[3] Indeed, assisting and/or representing other employees in the grievance

---

[3] Although 5 U.S.C. § 1221(a) limits Board appeal rights under 5 U.S.C. § 2302(b)(9)(A) to individuals who exercised appeal, complaint, or grievance rights under (i), with

process, informal or otherwise, are typical duties of a union steward. *See Hessami*, 979 F.3d at 1369 n.5; *see also Grimes v. Department of the Navy*, 96 M.S.P.R. 595, ¶ 12 (2004) (stating that any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of affording the appellant a hearing).

Thus, we conclude that the appellant has made a nonfrivolous allegation that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(B) insofar as we interpret her assertions as allegations that, during her tenure as union steward, she frequently assisted with complaints and/or grievances on behalf of other agency employees. Insofar as the appellant provides both an OSC Form-14 and a letter from OSC evincing that she raised this activity with OSC, we also find that she showed by preponderant evidence that she exhausted her administrative remedies regarding the same. PFR File, Tab 1 at 98-99, 127.

<u>The appellant made nonfrivolous allegations of three personnel actions under 5 U.S.C. § 2302(a) and showed that she exhausted her administrative remedies regarding the same.</u>

The definition of "personnel action" includes a nonselection, i.e., an agency's failure to make "an appointment." *See* 5 U.S.C. § 2302(a)(2)(A)(i). Here, the appellant identifies three specific instances in which she was not selected for a position with the agency. First, she alleges that, in January 2018, agency management decided to promote a less-qualified candidate to a GS-11 position for which she had interviewed. PFR File, Tab 1 at 10. Second, the appellant, who resides in Columbia, South Carolina, asserts that, in September 2019, the agency posted a vacancy announcement for another GS-11 position for which she was qualified; however, the vacancy announcement did not list Columbia, South Carolina, as one of the permissible geographical locations for this position and, accordingly, the appellant did not apply. IAF, Tab 1 at 2; PFR

regard to remedying a violation of section 2302(b)(8), there is no such jurisdictional restriction for individuals filing a Board appeal pursuant to 5 U.S.C. § 2302(b)(9)(B). *Carney*, 121 M.S.P.R. 446, ¶ 6 n.3.

File, Tab 1 at 7-8, 28-30. She avers that the agency nonetheless hired a candidate for its Columbia location from this vacancy announcement, i.e., that the agency misleadingly advertised the position to purposefully dissuade her from applying. PFR File, Tab 1 at 7-8. Last, as discussed above, the appellant alleges that, in December 2019, she learned that another employee was being promoted to a GS-11 position despite the agency never advertising this promotional opportunity; however, following her purported disclosures regarding the agency's selection process, the employee ultimately did not receive the promotion. IAF, Tab 6 at 5; PFR File, Tab 1 at 8-9, 33-39. We find that, through these assertions, the appellant has made nonfrivolous allegations of three nonselections, i.e., three personnel actions under 5 U.S.C. § 2302(a)(2)(A)(i). *See Ruggieri v. Merit Systems Protection Board*, 454 F.3d 1323, 1326 (Fed. Cir. 2006) (explaining that a nonselection is a cognizable personnel action even when the agency does not select another candidate to fill the subject position); *see also Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 4, 13-17 (2010) (concluding that an agency's purported use of "a particular selection process as part of a scheme that would deny a whistleblower an opportunity to seek [an] appointment" constituted a nonfrivolous allegation of a nonselection). Moreover, insofar as the appellant provided an OSC Form-14 and a close-out letter evincing that she raised with OSC the agency's purported efforts to hamper her promotion to a GS-11 position, we find that she has exhausted her administrative remedies regarding the same. IAF, Tab 1 at 8; PFR File, Tab 1 at 97-102, 107.

The appellant has satisfied the contributing factor jurisdictional criterion regarding her protected activity under 5 U.S.C. § 2302(b)(9)(B) only.

To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 13 (2016). One way that an appellant may satisfy this

criterion is through circumstantial evidence, such as evidence that the official taking the personnel actions at issue knew of the appellant's protected disclosure/ activity and the personnel action occurred within a period of time such that a reasonable person could conclude that the protected disclosure/activity was a contributing factor in the personnel actions at issue. 5 U.S.C. § 1221(e)(1)(A)-(B); *Salerno*, 123 M.S.P.R. 230, ¶ 13.

Here, although we find that the appellant made a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8), insofar as all of the personnel actions at issue predated this January 2020 disclosure, the appellant's disclosure could not have contributed to the same. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 10 (2015) (explaining that because the subject personnel action predated the disclosure, there was no way that the disclosure could have contributed to the personnel action), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Regarding her 5 U.S.C. § 2302(b)(9)(B) activity, however, the appellant has indicated that she has continually represented agency employees in her capacity as union steward from 2011 to the present. IAF, Tab 6 at 4; PFR File, Tab 1 at 14-15. Indeed, her filings clarify that, in April 2018, agency leadership was notified that she had been "granted 50% official time for union representation." PFR File, Tab 1 at 12-13, 79-89. Insofar as the appellant has alleged (1) a close temporal proximity between this ostensibly ongoing protected activity and the personnel actions at issue and (2) that agency management had knowledge of the same, we find that she has satisfied the contributing factor jurisdictional criterion regarding her 5 U.S.C. § 2302(b)(9)(B) protected activity.

Accordingly, we find that the appellant made a nonfrivolous allegation that her protected activity contributed to her three nonselections and, therefore, that she is entitled to her requested hearing and a decision on the merits of her appeal. IAF, Tab 1 at 2; *see Salerno*, 123 M.S.P.R. 230, ¶ 5. Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that he

deems necessary to adjudicate the merits of this appeal. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:      _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.