# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KHURSHID KHAN MUHAMMAD,<br>    Appellant, | DOCKET NUMBER<br>AT-1221-20-0342-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: August 31, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Khurshid Khan Muhammad, Artesia, California, pro se.

Tanya Burton, Bay Pines, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which granted the appellant's request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances:  the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the agency has not established any basis under section 1201.115 for granting the petition for review.  As further stated below, the appellant has established a basis in his cross petition for review for modifying the relief order in part.  Therefore, we DENY the petition for review and GRANT the cross petition for review.  Except as expressly MODIFIED to clarify the manner in which the appellant satisfied the knowledge/timing test, we AFFIRM the initial decision.

## BACKGROUND

¶2        As relevant here, from October 27 to November 7, 2014, the appellant was employed by the agency as a Fee Basis Physician at an agency medical facility in Albuquerque, New Mexico (Albuquerque VA).  Initial Appeal File (IAF), Tab 13 at 10, 75, 134.  The appellant filed two whistleblower complaints with the Office of Special Counsel (OSC) stemming from this tenure at the Albuquerque VA, and, thereafter, two separate IRA appeals with the Board.  *Muhammad v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-15-0371-W-1, Initial Appeal File, Tab 1 at 5-6, 8-21; *Muhammad v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-16-0182-W-1, Initial Appeal File (0182 IAF), Tab 1 at 5-6, 8-30.  The Board joined these two appeals into one consolidated action.  *Muhammad v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-15-

0371-W-2, Appeal File (0371 AF), Tab 3 at 1-2. Following a hearing on the consolidated matter, the administrative judge issued an initial decision on December 29, 2016, finding that, although the appellant had established Board jurisdiction over the matter, he was not entitled to any corrective action. 0371 AF, Tab 61, Initial Decision at 9-10, 20-21. The appellant filed a petition for review of that initial decision, and the Board subsequently remanded the matter. *Muhammad v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-15-0371-W-2, Remand Order (Feb. 21, 2023).

¶3 On February 24, 2020, the appellant filed the instant appeal with the Board alleging that the agency had withdrawn a tentative offer of employment for a Primary Care Physician position at an agency medical facility in Bay Pines, Florida (Bay Pines VA) because of (1) "unsubstantiated retaliatory remarks" made by Albuquerque VA agency employees and (2) his prior OSC complaints and Board appeal. IAF, Tab 1 at 3, 5-6. With his initial appeal form, the appellant provided a February 10, 2020 close-out letter from OSC. *Id.* at 33-34. The letter indicated that the appellant had alleged before OSC that the agency had withdrawn its offer for the position at the Bay Pines VA because, while employed at the Albuquerque VA in 2014, he had made a protected disclosure regarding patient safety issues, which had thereafter been the subject of prior OSC complaints and a prior Board IRA appeal. *Id.* at 33. The letter informed the appellant of his Board appeal rights. *Id.* at 33-34.

¶4 The administrative judge issued a jurisdictional order wherein she explained the circumstances under which the Board has jurisdiction to adjudicate IRA appeals, and she ordered the appellant to file specific evidence and argument regarding jurisdiction. IAF, Tab 3 at 2-8. Following the appellant's response, the administrative judge concluded that the Board had jurisdiction over the matter. IAF, Tab 18 at 1-3. To this end, she found that the appellant had exhausted his claim with OSC. *Id.* at 2. She also found that the appellant had made a nonfrivolous allegation that Bay Pines VA officials were aware of his prior OSC

complaints and his prior Board appeal, both of which constituted protected activity under 5 U.S.C. § 2302(b)(9). *Id.* She found, however, that the appellant had failed to allege that officials at the Bay Pines VA had any knowledge of his 2014 disclosure regarding patient safety. *Id.* She also implicitly concluded that the appellant had made a nonfrivolous allegation of a personnel action, i.e., the agency's withdrawal of its tentative job offer at the Bay Pines VA. *Id.* at 3. She concluded that the issues to be decided, to the exclusion of all other issues, were whether "Bay Pines VA officials improperly considered [the appellant's] OSC/MSPB activity" when it decided to withdraw his tentative job offer. *Id.* Neither party objected to the administrative judge's jurisdictional order.

¶5      Following a 2-day hearing conducted via Zoom for Government, the administrative judge issued an initial decision granting the appellant's request for corrective action. IAF, Tab 42, Initial Decision (ID) at 1, 15. In so doing, the administrative judge found that "the appellant's prior whistleblower appeal with [the Board] constituted protected activity under 5 U.S.C. § 2302(b)(9)(A)(i)."[2] ID at 7. She also concluded that the appellant had demonstrated by preponderant evidence that his protected activity was a contributing factor in the personnel action at issue, i.e., the rescission of his tentative offer of employment, insofar as he had satisfied the knowledge/timing test. ID at 7-9. Lastly, she concluded that the agency failed to show by clear and convincing evidence that it would have rescinded the appellant's tentative offer of employment in the absence of his protected activity. ID at 9-15. Accordingly, the administrative judge ordered the agency to do the following: (1) delete from its internal computer system an entry made on or about February 13, 2017, wherein an agency management official,

---

[2] The initial decision did not address whether the appellant's prior OSC complaints constituted protected activity under 5 U.S.C. § 2302(b)(9); however, this oversight does not change the outcome of this appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Dr. M., indicated that he did not recommend the appellant for appointment; and (2) rescind the withdrawal of the tentative offer of employment, reconstruct the hiring process, and determine whether the appellant should be appointed to the Primary Care Physician position. ID at 15. The administrative judge did not order any interim relief because she found that "no appropriate relief [was] available" at the time. *Id.*

¶6    The agency has filed a petition for review, and the appellant has filed a response to the petition for review and a cross petition for review. Petition for Review (PFR) File, Tabs 1, 3. In its petition, the agency argues that (1) the administrative judge erred in finding that the appellant satisfied the knowledge/timing test and (2) it is unable to purge the February 13, 2017 entry from its internal computer system. PFR File, Tab 1 at 4-12. The agency provides additional documents to support its latter argument. *Id.* at 13-33. In his response and cross petition for review, the appellant contends that (1) both of the agency's arguments lack merit and (2) he is entitled to additional relief. PFR File, Tab 3 at 4-22.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), an appellant may establish a prima facie case of retaliation for whistleblowing disclosures and/or protected activity by proving by preponderant evidence[3] that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the whistleblowing disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action against him. 5 U.S.C. § 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).

_____

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

If the appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence,[4] that it would have taken the same personnel action in the absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)-(2); *Webb*, 122 M.S.P.R. 248, ¶ 6. In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

¶8        Here, the agency does not challenge, and we discern no basis to disturb, the administrative judge's conclusion that the appellant engaged in protected activity vis-à-vis his prior Board IRA appeal. ID at 7; *see* 5 U.S.C. § 2302(b)(9)(A)(i). Similarly, the agency does not contest, and we discern no basis to disturb, her implicit conclusion that the agency's rescission of its tentative job offer at the Bay Pines VA constituted a personnel action under 5 U.S.C. § 2302(a)(2)(A)(i).[5] ID at 9. Lastly, the agency does not challenge the administrative judge's

---

[4] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. It is a higher standard than preponderant evidence. 5 C.F.R. § 1209.4(e).

[5] As noted by the appellant in his response, the agency emphasizes in its petition for review that it never provided the appellant with a formal tentative offer of employment. PFR File, Tab 1 at 5, 8 nn.3-4, Tab 3 at 7. The agency avers that the appellant received a draft copy of his tentative offer letter via a Freedom of Information Act request. PFR File, Tab 1 at 5; IAF, Tab 13 at 26. To the extent the agency argues that the administrative judge erred in finding that the appellant identified a cognizable personnel action under 5 U.S.C. § 2302(a)(2)(A)(i), we find its argument unavailing. *See Ruggieri v. Merit Systems Protection Board*, 454 F.3d 1323, 1325-27 (Fed. Cir. 2006) (explaining that the term "appointment" as used in 5 U.S.C. § 2302(a)(2)(A)(i) covers an expansive range of acts and failure to act); *see also Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 23 (2012) (reasoning that an agency's intentional exclusion of an appellant from specific job opportunities may constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(i)).

weighing of the *Carr* factors or otherwise provide a basis to disturb her conclusion that the agency failed to show by clear and convincing evidence that it would have rescinded the appellant's tentative offer of employment in the absence of his protected activity. ID at 9-15.

<u>We agree with the administrative judge's conclusion that the appellant satisfied the knowledge/timing test; however, we modify the initial decision to clarify the manner by which he satisfied the same.</u>

¶9      The agency argues that the administrative judge erred in finding that the appellant proved by preponderant evidence that his protected activity, i.e., his prior Board IRA appeal, was a contributing factor in the agency's rescission of its tentative offer of employment. PFR File, Tab 1 at 6-8. To this end, it contends that the appellant did not satisfy the knowledge/timing test because Dr. M., the Bay Pines VA management official who elected to rescind the appellant's job offer, was unaware of the appellant's prior IRA appeal; rather, he was aware only that the appellant had previously been involved in unspecified litigation with the agency. *Id.* at 8.

¶10     An appellant's protected activity is a contributing factor if it in any way affects an agency's decision to take, or fail to take, a personnel action. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way to establish contributing factor is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Under this test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of his protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *Id.*

¶11     Here, the administrative judge found that the appellant satisfied the contributing factor criterion vis-à-vis the knowledge/timing test because Dr. M. had actual knowledge of the appellant's prior Board IRA appeal. ID at 7-9. In so

finding, she explained that there were two avenues through which Dr. M. may have learned of the appellant's protected activity. First, on his job application for the position at the Bay Pines VA, the appellant explained that the nature of his discharge from the Albuquerque VA was in dispute and indicated that this dispute "ha[d] been subject to MSPB (whistle blower) proceedings." ID at 3; IAF, Tab 13 at 10 (punctuation as in original). Second, an agency employee assigned to review the appellant's credentials and work history on behalf of the Bay Pines VA, B.L., drafted a February 10, 2017 email to agency management personnel, including Dr. M., that stated, in relevant part, as follows: "[T]he [Albuquerque] VA credentialer called me and stated though [the appellant] left in 9/2014,[6] they just finished up litigation with him reference him being 'let go' as a Fee Basis employee and he accusing the VA of falsifying/signing his records (he lost his case.)" ID at 4; IAF, Tab 13 at 25 (grammar and punctuation as in original).

¶12   In the initial decision, the administrative judge recounted the testimony of Dr. M., who indicated that he could not recall whether he had seen the language regarding the appellant's whistleblowing case on his job application. ID at 8. The administrative judge reasoned that, notwithstanding this uncertainty, Dr. M. knew of the appellant's protected activity because he had received B.L.'s February 10, 2017 email. ID at 9. The administrative judge acknowledged that the subject email was devoid of any mention of whistleblowing, but found that this omission was not dispositive because the email "put [Dr. M.] on notice that the appellant had been in litigation with the agency concerning his prior employment." *Id.* Thus, she concluded that the appellant had satisfied the knowledge prong of the knowledge/timing test vis-à-vis Dr. M.'s actual knowledge of the appellant's protected activity.[7] We disagree with this finding

---

[6] Insofar as the appellant left the employ of the Albuquerque VA in November 2014, this statement was erroneous. IAF, Tab 13 at 10, 75, 134.

[7] The initial decision did not address the latter prong of the test, i.e., the timing of the agency's personnel action; accordingly, we herein address the same.

and we modify the initial decision to clarify the basis by which the appellant satisfied the knowledge/timing test.

¶13 Under the WPEA, the Board has jurisdiction over claims of protected activity arising under 5 U.S.C. § 2302(b)(9)(A)(i), but not those arising under (b)(9)(A)(ii). *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Protected activity under section 2302(b)(9)(A)(i) includes "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . *with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]*." 5 U.S.C. § 2302(b)(9)(A)(i) (emphasis added). Section 2302(b)(9)(A)(ii), by contrast, encompasses "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . *other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]*." 5 U.S.C. § 2302(b)(9)(A)(ii) (emphasis added). Accordingly, a complaint and/or litigation stemming therefrom falls under the purview of 5 U.S.C. § 2302(b)(9)(A)(i), and therefore within the ambit of the WPEA, only if it seeks to remedy whistleblower reprisal. *See Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 15 (explaining that only complaints seeking to remedy whistleblower reprisal are covered under 5 U.S.C. § 2302(b)(9)(A)(i)); *see also Mudd*, 120 M.S.P.R. 365, ¶¶ 2, 7 (concluding that the Board lacked jurisdiction over an appellant's filing of a grievance that did not seek to remedy a violation of 5 U.S.C. § 2302(b)(8)). Here, because B.L.'s February 10, 2017 email was devoid of any mention of whistleblowing and made only a vague reference to an unspecified "case" wherein the appellant had unsuccessfully accused the agency of falsifying records, IAF, Tab 13 at 25, we find that the administrative judge erred by relying solely on the same to find that Dr. M. had actual knowledge that the appellant had engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), ID at 9.

¶14 Actual knowledge on the part of the deciding official, however, is not the only manner in which an appellant may satisfy the knowledge/timing test. Indeed, an appellant also may satisfy the knowledge prong of the

knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, [120 M.S.P.R. 588](#), ¶ 7 (2014). An appellant may establish constructive knowledge by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*; *see Staub v. Proctor Hospital*, [562 U.S. 411](#), 415-16 (2011) (adopting the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences an agency official who is unaware of the improper animus when implementing a personnel action). Indeed, in an IRA appeal, the party before the Board is the agency, not its individual officials, and lack of knowledge by a particular official is not dispositive. *Nasuti*, [120 M.S.P.R. 588](#), ¶ 7.

¶15      Here, as set forth in the initial decision, in researching the appellant's work history, B.L. telephoned and spoke with D.W., an employee at the Albuquerque VA. ID at 4. At the time of this conversation, D.W. was undoubtedly aware of the appellant's prior IRA appeal insofar as she had testified as a witness in the hearing for the matter on September 21, 2016, approximately 4 months earlier. ID at 14; 0371 AF, Tab 59, Hearing Recording (HR). B.L. memorialized her conversation with D.W. in her February 10, 2017 email. ID at 8; IAF, Tab 13 at 25. In addition to conveying the above information regarding the appellant's prior litigation with the agency, D.W. also made the following statements to B.L. during the conversation: (1) the appellant was "lazy"; (2) the appellant was a "cry-baby"; and (3) the appellant did not have a strong work ethic. IAF, Tab 13 at 25. In a subsequent portion of her analysis, the administrative judge found that these negative assertions were unsubstantiated by the record and, therefore, that D.W.'s "provocative language [was] undeniably intended to torpedo the appellant's candidacy at the Bay Pines VA." ID at 12-14. She also concluded that Dr. M. had given D.W.'s assessment of the appellant "a great deal of credence." ID at 13. We discern no basis to disturb either of these conclusions.

*See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing). Thus, we find that the appellant showed by preponderant evidence that Dr. M. had constructive knowledge of the appellant's protected activity. *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶¶ 3-4, 18, 20-21 (2014) (affirming the administrative judge's decision to impute knowledge of the appellant's protected disclosure to the proposing and deciding officials when the appellant's supervisor learned of the appellant's protected disclosure and shortly thereafter reported concerns about the quality of his work performance to upper management); *see also Dorney*, 117 M.S.P.R. 480, ¶¶ 2-3, 13, 17 (finding that the appellant made a nonfrivolous allegation of constructive knowledge when she asserted that a hospital administrator, who was aware of her protected disclosures, had influenced the selecting official by making disparaging comments about her, to include stating that she was "slow" and not a "team player"). We also find that the appellant satisfied the timing prong of the knowledge/timing test; indeed, Dr. M. elected to rescind the appellant's tentative job offer on February 13, 2017, three days after his receipt of B.L.'s email, approximately 4.5 months after the hearing for the appellant's prior (consolidated) Board IRA appeal, and 1 year after the appellant had filed the latter of his two prior Board IRA appeals. IAF, Tab 13 at 24; HR; 0182 IAF, Tab 1; *see Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015) (explaining that the Board has held that a personnel action taken within approximately 1 to 2 years of a protected disclosure satisfies the knowledge/timing test). Accordingly, we affirm as modified the administrative judge's conclusion that the appellant satisfied the contributing factor criterion vis-à-vis the knowledge/timing test.

<u>The agency's assertion regarding its inability to purge an entry from its internal computer system is both unclear and unavailing.</u>

¶16    The agency contends that it is unable to comply with the administrative judge's order that it remove a specific entry from its internal computer system, i.e., an entry made by Dr. M. on or about February 13, 2017, wherein he indicated that he was not recommending the appellant for appointment. PFR File, Tab 1 at 9-10; ID at 15; IAF, Tab 13 at 33. To this end, the agency seemingly argues that removing the subject entry from "VetPro," i.e., its internal computer system, would violate an internal agency directive. PFR File, Tab 1 at 10. To support this apparent argument, the agency provides the directive and documents pertaining thereto.[8] *Id.* at 10-33.

¶17    We find the agency's assertions both unclear and unavailing. Indeed, the agency fails to clearly explain how its compliance with the administrative judge's order would violate the subject directive. To this end, the agency indicates only that the entry at issue is not the type of entry that is "routinely removed/deleted" from the system, PFR File, Tab 1 at 10, and vaguely avers that the criteria for removal "does not appear to be met," *id.* at 11; *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge and concluding that the appellant's petition contained neither evidence nor argument demonstrating error by the administrative judge). The agency also emphasizes that it has previously removed information from VetPro only because of "typographical/key stroke

---

[8] The agency did not submit this evidence, which predates the initial decision, to the administrative judge. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); 5 C.F.R. § 1201.115(d). Regardless, as set forth herein, these documents are not material to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

error[s]" and "accidental entr[ies]," and that it cannot remove information "solely because the [employee] doesn't like an entry related to a negative finding." PFR File, Tab 1 at 10-11. Here, however, the administrative judge did not order the removal of the entry merely because the appellant did not like it; rather, she ordered that the entry be purged because she concluded that the appellant proved that the agency had engaged in whistleblower retaliation under the WPEA. The agency's apparent disagreement with this finding does not provide a basis to disturb the same. *See Riggsbee v. Office of Personnel Management*, 111 M.S.P.R. 129, ¶ 11 (2009) (explaining that mere disagreement with the administrative judge's explained factual findings and legal conclusions therefrom does not provide a basis to disturb the initial decision). Thus, the agency's arguments are unavailing.[9]

The appellant's cross petition for review is granted.

¶18        In his cross petition for review, the appellant asserts that the corrective action ordered by the administrative judge was inadequate and he requests additional relief. PFR File, Tab 3 at 20-22. First, he requests that the Board order the agency to undertake a more comprehensive review of the entries in its internal computer system, remove any additional unfavorable entries pertaining to him written by either Dr. M. or another Bay Pines VA employee, S.K., and provide him with "concrete proof" that any such entries have been purged. *Id.* at 20. We agree that the agency must do an additional search and purge any additional unfavorable entries from Bay Pines VA officials about the appellant's fitness for the Primary Care physician position. An appellant that prevails in an IRA appeal shall be placed, as nearly as possible, in the position that the

---

[9] Absent annotation, the agency has also seemingly highlighted portions of the documents that it provides regarding the directive, to include a portion stating that an initial "denial of clinical privileges does not carry with it any right to due processes." PFR File, Tab 1 at 33. However, insofar as the appellant did not raise a due process claim, the agency's argument in this regard, if any, is unclear. *See Tines*, 56 M.S.P.R. at 92.

individual would have been in had the prohibited personnel action not occurred. 5 U.S.C. § 1221(g)(1)(A)(i); *Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶ 34 (2007), *overruled on other grounds by Edwards v. Department of Labor*, 2022 MSPB 9. Accordingly, to the extent Bay Pines VA officials made any additional unfavorable entries in its computer system regarding the appellant's fitness for the Primary Care Physician position at issue in this appeal, as set forth below, such entries must be purged.

¶19    Second, the appellant contends that the administrative judge should have explicitly ordered the agency to appoint him to the Primary Care Physician position. PFR File, Tab 3 at 20-21. To this end, he explains that the administrative judge merely ordered the agency to rescind the withdrawal of the tentative job offer and reconstruct/continue the hiring process, whereas she should have ordered the agency to appoint him with a retroactive start date. *Id.* We disagree. Here, the record reflects that, prior to Dr. M.'s rescission of the tentative offer, the agency drafted a letter of intent, which explained that the appellant's tentative job offer was conditional on a series of outstanding prerequisites, to include an endorsement by the agency's Medical Staff Executive Board. IAF, Tab 13 at 26. Thus, we find that the administrative judge properly provided the appellant with status quo ante relief in this regard. *See Armstrong*, 107 M.S.P.R. 375, ¶ 34.

¶20    Lastly, the appellant avers that he is entitled to financial remuneration. PFR File, Tab 3 at 21-22. To this end, he avers that he is entitled to unspecified compensation for lost earnings and damage to his professional reputation. *Id.* He also explains that his mental and physical health have suffered as a result of the agency's retaliatory actions. *Id.* at 22. Because the appointment process was not yet complete, we find that no back pay is warranted here; however, as set forth in greater detail below, as the prevailing party in this matter, the appellant may request consequential and/or compensatory damages in an addendum proceeding within 60 calendar days of the date of this decision. 5 C.F.R. §§ 1201.201-.203.

**ORDER**

We ORDER the agency to provide the appellant with relief such that he is placed as nearly as possible in the same situation he would have been in had the agency had not retaliated against him for whistleblowing. 5 U.S.C. § 1221(g)(1)(a)(i); *see Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 50 (2013). Accordingly, the agency must purge from its VetPro system (1) the entry made by Dr. M. on or about February 13, 2017, concerning not recommending the appellant for appointment and (2) after conducting a comprehensive search and providing the results of such search to the appellant, any other unfavorable entries pertaining to the appellant's fitness for the Primary Care Physician position at the Bay Pines VA.[10] The agency must also rescind the withdrawal of the appellant's tentative job offer and reconstruct/continue the hiring process to determine whether the appellant is qualified for appointment to the subject position. The agency must complete these actions no later than 20 days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain the specific reasons why the appellant believes that the agency has

---

[10] In its review of its VetPro system as to such unfavorable entries, the agency must provide a copy of all the records referring to the appellant's fitness for the Primary Care Physician position at the Bay Pines VA. The agency must also provide the appellant the opportunity to state whether any of these entries are unfavorable. If there is any dispute as to whether an entry is unfavorable, the appellant may file a petition for enforcement in accordance with this Order.

not fully carried out the Board's Order, and should include the dates and results of any communication with the agency. 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR
## COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), 1221(g)(1)(A)(ii), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

**NOTICE OF APPEAL RIGHTS**[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.