**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROCKY FREUDENBERG,
        Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-1221-21-0377-W-1

DATE: December 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allen A. Shoikhetbrod, Esquire, Albany, New York, for the appellant.

Robert Vega, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**\*Member Kerner recused himself
and did not participate in the adjudication of this appeal.**

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant made a nonfrivolous allegation that disclosures 4 and 10 were protected and that he exhausted his administrative remedies with respect to personnel actions 7, 8, 9, and 11, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a GS-14 Management and Program Analyst for the agency's Veterans Health Administration (VHA). Initial Appeal File (IAF), Tab 1 at 7, Tab 15 at 20. On November 8, 2018, he filed a whistleblower complaint with the Office of Special Counsel (OSC), alleging that the agency had taken multiple personnel actions against him in retaliation for multiple protected disclosures. IAF, Tab 11 at 29-101. He provided additional information to OSC on May 15, 2019, and February 22, 2021. *Id.* at 103, 105-06. On February 26, 2021, OSC closed the appellant's file without taking corrective action. IAF, Tab 11 at 114-16. On April 30, 2021, the appellant filed the instant IRA appeal and requested a hearing. IAF, Tab 1 at 2, 8, 16-19.

The administrative judge issued a jurisdictional order, notifying the appellant of his burden of proof as to his IRA appeal and giving him specific directions on filing evidence and argument pertinent to the jurisdictional issue. IAF, Tab 3. The appellant responded, providing a copy of his OSC complaint and identifying the subject of his Board appeal as 10 protected disclosures and 14 retaliatory actions. IAF, Tab 11 at 11-17, 29-117. After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 18, Initial Decision (ID). She found that, out of the 10 disclosures that the appellant identified, for only one of them did he exhaust his administrative remedies and make a nonfrivolous allegation that it was protected under the Whistleblower Protection Act (WPA). ID at 3-9. She further found that, out of the 14 alleged retaliatory actions that the appellant identified, for only five of them did he exhaust his administrative remedies and make nonfrivolous allegations that they constituted "personnel actions" under the WPA. ID at 9-12. As to these five personnel actions, the administrative judge found that the appellant failed to make a nonfrivolous allegation that his protected disclosure was a contributing factor in any of them. ID at 12-14.

The appellant has filed a petition for review, disputing the administrative judge's analysis and findings. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

To establish Board jurisdiction over an IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before OSC, and make nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a

personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[2]  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); 5 C.F.R. § 1201.57(a)(1).  A nonfrivolous allegation is an assertion that, if proven, could establish jurisdiction over the matter at issue.  5 C.F.R. § 1201.4(s).  The question of whether the appellant has nonfrivolously alleged protected disclosures that contributed in a personnel action must be determined based on "whether [he] alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).  "The Board may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor in an adverse personnel action."  *Id.* at 1369.  To exhaust his administrative remedies, an appellant must provide OSC with a sufficient basis to pursue an investigation.  *Chambers v. Department of Homeland Security*, 2022 M.S.P.B. 8, ¶ 10.

<u>The appellant made a nonfrivolous allegation that he engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(C) for which he exhausted his administrative remedies.</u>

*Disclosure 1*

According to the appellant's jurisdictional pleading, on January 28, 2013, he disclosed allegations of fraud, waste, and abuse to the agency's Office of Inspector General (OIG).  IAF, Tab 11 at 11.  The administrative judge found that this disclosure was a protected activity and that the appellant raised the matter with OSC with sufficient clarity to satisfy the exhaustion requirement.  ID at 8-9.  Neither party contests this finding on review, and we find that it is supported by the record and the law.  IAF, Tab 11 at 114; *see* 5 U.S.C. § 2302(b)(9)(C)

---

[2] To the extent that the appellant requests that the Board remand this appeal for a jurisdictional hearing, we deny that request.  PFR File, Tab 1 at 17, 21.  An appellant is not entitled to a jurisdictional hearing in an IRA appeal because the Board has jurisdiction over such an appeal only if the appellant nonfrivolously alleges that he satisfied the prima facie elements of his claim.  *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016).

(protecting employees from retaliation for disclosing information to the Inspector General of an agency); *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (explaining that under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to an agency OIG or OSC is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law).

*Disclosures 2 and 3*

According to the appellant's jurisdictional pleading, he made disclosure 2 on or about June 17, 2015, when he told his supervisor that he intended to report "fraud, waste, and abuse." IAF, Tab 11 at 11. Similarly, the appellant identified disclosure 3 as a series of emails that he sent to an agency management official in April 2016, "concerning fraud, waste, and abuse." *Id.* Without specifically deciding whether the appellant exhausted these matters with OSC, the administrative judge found that he failed to make a nonfrivolous allegation that these disclosures were protected because he failed to specify the nature of the fraud, waste, and abuse at issue and failed to identify the factual basis for his belief that any fraud, waste, or abuse had occurred. ID at 7.

On petition for review, the appellant argues that disclosure 2 was protected under 5 U.S.C. § 2302(b)(9)(B). PFR File, Tab 1 at 21. This provision prohibits retaliation against employees who testify for or otherwise lawfully assist any individual in his pursuit of an appeal, complaint, or grievance right granted by any law, rule, or regulation. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶¶ 12-14 (2016). It would cover matters such as testifying in another employee's Board appeal or helping a coworker prepare a grievance. *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 10 (2015) (determining that performing union-related activities, such as filing grievances and representing other employees in the grievance process are protected activities under 5 U.S.C. § 2302(b)(9)(B)). Here, the appellant has not explained how his statement to his supervisor was connected with anyone's pursuit of any appeal,

complaint, or grievance. *See McCrary v. Department of the Army*, 2023 MSPB 10, ¶¶ 23-24 (explaining that, to nonfrivolously allege that he engaged in activity protected under 5 U.S.C. § 2302(b)(9)(B), it was insufficient for an appellant to allege that he exercised a grievance right or raised a concern about disability discrimination against a coworker absent a claim that his coworker filed a complaint or grievance on the matter). We, therefore, find that he has not made a nonfrivolous allegation that disclosure 2 was protected under 5 U.S.C. § 2302(b)(9)(B).

The appellant also argues that an employee's announcement that he will make a protected disclosure may constitute protected conduct in itself. PFR File, Tab 1 at 17. The appellant is correct that an individual's stated intention to make a protected disclosure may afford him protection as a "perceived whistleblower." *See, e.g.*, *Sirgo v. Department of Justice*, 66 M.S.P.R. 261, 266 (1995); *Mausser v. Department of the Army*, 63 M.S.P.R. 41, 44 (1994). However, this does not absolve the appellant of his basic obligation to identify with some degree of specificity what type of "fraud, waste, and abuse" he was alleging. Although an appellant need not actually make a protected disclosure in order to be perceived as a whistleblower, he still must show that the relevant agency officials believed that he "made or intended to make disclosures that evidenced the type of wrongdoing listed under 5 U.S.C. § 2302(b)(8)." *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 8 (2011). Although the administrative judge explicitly apprised the appellant of this standard in her jurisdictional order, the appellant has not identified the subject matter of his intended disclosure with sufficient specificity to meet the nonfrivolous allegation standard. IAF, Tab 3 at 5; *see Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 17 (2006) (finding that conclusory allegations lacking in specificity do not constitute nonfrivolous allegations of IRA jurisdiction). For the reasons explained in the initial decision, we agree with the administrative judge that the appellant failed to make a

nonfrivolous allegation that disclosures 2 and 3 were protected, or alternatively that he was perceived as a whistleblower in connection with disclosure 2. ID at 7.

*Disclosure 4*

The appellant identified disclosure 4 as several letters that he sent to U.S. Senator Isakson from Georgia in April and May of 2016, in which he reported "fraud, waste, and abuse" at the agency. IAF, Tab 11 at 11. The administrative judge found that the appellant failed to raise this issue to OSC and failed to make a nonfrivolous allegation that it was protected. ID at 5-6 & n.4.

On petition for review, the appellant disputes the administrative judge's finding on exhaustion, arguing that he raised this issued before OSC with sufficient clarity and precision for OSC to pursue an investigation. PFR File, Tab 1 at 15-16. We disagree. In his 72-page OSC complaint, the appellant made one cryptic and passing reference to this matter, stating, "In the past, I have notified my Congressman and OSC where [subject matter experts] (SMEs) did not believe the [Broad Agency Announcement] submission should be selected by the [agency] leadership but [agency] leadership were not provided SME selection information." IAF, Tab 11 at 38. Not only did the appellant fail to identify the congressman to whom he disclosed this information or the approximate dates of any such disclosures, in context, it also does not appear that the appellant was even alleging retaliation for this disclosure. *Id.* We, therefore, agree with the administrative judge that the appellant failed to articulate this matter sufficiently to satisfy the exhaustion requirement. ID at 5-6.

The appellant also disputes the administrative judge's finding that disclosure 4 was not protected, arguing that his OSC complaint contains a sufficient explanation of the content of this disclosure. PFR File, Tab 1 at 17-18. We agree. The administrative judge appears to have reviewed the appellant's OSC complaint in its entirety but failed to make a connection between this passage and disclosure 4 as the appellant described it in his jurisdictional pleading. At the very least, the connection is not obvious, and no one could be

expected to make it absent a specific explanation, such as the one that the appellant has offered for the first time on petition for review. Nonetheless, we have considered the appellant's argument. With the knowledge that the appellant's allegations of "fraud, waste, and abuse" specifically concerned internal agency communication failures that allegedly led to "tens of millions of dollars" in funding misallocations, we now find that the appellant did make a nonfrivolous allegation that this disclosure was protected under 5 U.S.C. § 2302(b)(8)(A)(ii).[3] IAF, Tab 11 at 38. Nevertheless, the Board still lacks jurisdiction to consider this disclosure in the context of this appeal because the appellant failed to satisfy the exhaustion requirement.

*Disclosure 5*

Disclosure 5 was the appellant's November 8, 2018 OSC whistleblower complaint – the very complaint underlying the instant IRA appeal – along with additional information that the appellant provided to OSC on March 15, 2019, and February 22, 2021.[4] IAF, Tab 11 at 12. This activity is protected under 5 U.S.C. § 2302(b)(9)(C). However, the administrative judge found that the appellant failed to show that he exhausted his administrative remedies with respect to this activity because there was no evidence that he asked OSC to investigate any retaliation for filing the complaint. ID at 5 & n.3.

On petition for review, the appellant argues that the administrative judge disregarded his sworn declaration, in which he stated, "I hereby swear or affirm that the allegations raised in the Response were filed with OSC to the best of my personal knowledge, information, and belief." PFR File, Tab 1 at 7; IAF, Tab 11 at 25. The Board has held that sworn statements that are not rebutted are

---

[3] The appellant also argues that disclosure 4 was protected under 2302(b)(9)(A)(i). PFR File, Tab 1 at 21. This argument is dubious on its face, but we decline to reach it in light of our finding that the appellant made a nonfrivolous allegation that the disclosure was protected under another provision. *See Linder*, 122 M.S.P.R. 14, ¶ 11 n.2.

[4] In his jurisdictional pleading, the appellant misidentifies the first date as March 25, 2019. IAF, Tab 11 at 12. This appears to be a typo. The record shows that the appellant sent this follow-up to OSC by email on March 15, 2019. *Id.* at 103.

competent evidence of the matters asserted therein. *Truitt v. Department of the Navy*, 45 M.S.P.R. 344, 347 (1990). Further, such hearsay evidence "may be accepted as preponderant evidence even without corroboration if, to a reasonable mind, the circumstances are such as to lend it credence." *Kewley v. Department of Health & Human Services*, 153 F.3d 1357, 1364 (Fed. Cir. 1998). The following factors affect the weight to be accorded to hearsay evidence: (1) the availability of persons with firsthand knowledge to testify at the hearing; (2) whether the statements of the out-of-court declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements; (4) whether the declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) the consistency of the declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for the statements can otherwise be found in the agency record; (7) the absence of contradictory evidence; and (8) the credibility of the declarants when they made the statement attributed to them. *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981). Considering these factors, we find the appellant's declaration insufficient to establish exhaustion as to disclosure 5.

Weighing in the appellant's favor are the facts that the declaration is signed and sworn, he has firsthand knowledge of the content of his OSC complaint, and the record does not contain evidence that he tends to prevaricate. In addition, because there has not been a hearing in this case, the appellant cannot be faulted for not giving testimony on the matter. The appellant's bias and general credibility are neutral factors. *See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 25 (2015) (observing that most testimony that an appellant is likely to give can be characterized as self-serving and finding that it is improper to discredit it solely on that basis). However, weighing heavily against the appellant is the fact that there is not even a hint of corroboration for his statement

anywhere in the record. He clearly did not raise the issue (nor could he have) in his initial November 8, 2018 filing. IAF, Tab 11 at 29-101. He might have raised the issue on March 15, 2019, or February 22, 2021, when he forwarded some additional information to OSC. However, the only documentary evidence of this correspondence is the cover letters, and retaliation for his OSC whistleblower complaint is not mentioned in either one. *Id.* at 13, 105-06. Nor is the matter addressed in OSC's correspondence to the appellant. *Id.* at 114-16. The appellant is presumably in possession of the substance of his March 15, 2019, and February 22, 2021 correspondence, and his failure to submit this material for the record casts his claim into doubt. Furthermore, we are troubled by the vagueness of the appellant's declaration, which is just a blanket statement that all of the allegations in his jurisdictional response were raised with OSC. Not only does this appear to be incorrect, based on our review of some of the other claimed disclosures and personnel actions, but even if the appellant did raise disclosure 5 with OSC, there is no way for us to tell whether he conveyed it in such a way so as to satisfy the exhaustion requirement. For these reasons, we agree with the administrative judge that the appellant failed to prove that he exhausted his administrative remedies with respect to disclosure 5.

*Disclosure 6*

The appellant alleged that, on September 6, 2018, he notified his chain of command about his second-level supervisor's "inappropriate disclosures." IAF, Tab 11 at 12. Without reaching the issue of whether the appellant exhausted this issue, the administrative judge found that his vague and conclusory characterization of the disclosure was insufficient to constitute a nonfrivolous allegation that it was protected. ID at 7.

On petition for review, the appellant identifies the pertinent information in his initial appeal filing, which explains that the wrongdoing underlying disclosure 6 was that his second-level supervisor was telling other individuals in

the agency that the appellant had engaged in protected whistleblower activity.[5] PFR File, Tab 1 at 18; IAF, Tab 1 at 17. This, at least, is more concrete and specific than "inappropriate disclosures," but we find that it still does not rise to the level of a nonfrivolous allegation. We can infer that the appellant did not appreciate that his second-level supervisor was discussing his whistleblowing activities with others, but that by itself is not sufficient to create a nonfrivolous allegation that the appellant reasonably believed his disclosure evidenced a category of wrongdoing under 5 U.S.C. § 2302(b)(8)(A). We are not aware of any law, rule, or regulation that generally prohibits the discussion of another individual's whistleblower activities.[6] Furthermore, it is difficult to conceive of a scenario in which the mere disclosure of a subordinate's whistleblower status could constitute gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, as those terms are defined in the case law. Without more information, we cannot find that the appellant has made a nonfrivolous allegation in this regard.

---

[5] The appellant faults the administrative judge for failing to comb the entire record to figure out what disclosure 6 was about. PFR File, Tab 1 at 18. The Board has held that an administrative judge is required to consider the entire record before dismissing an IRA appeal for lack of jurisdiction. *See Hoback v. Department of the Treasury*, 86 M.S.P.R. 425, ¶ 6 (2000). However, based on our review of the initial decision, it appears to us that the administrative judge considered the record carefully but failed to make a few connections due to the multiplicity of issues and imprecision of the appellant's pleadings. A party, especially a party represented by an attorney, bears the responsibility of articulating his claim clearly according to the administrative judge's instructions, and a party "whose submissions lack clarity risks being found to have failed to meet his burden of proof." *Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 8 (2000).

[6] Under some circumstances, such discussions might be prohibited by the Privacy Act. *See generally* 5 U.S.C. § 552a (2021). Furthermore, depending on the facts, someone might reasonably believe that the discussion of his whistleblower activity violated the Privacy Act, even in the absence of an actual violation. *See Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 10 (2011). However, the appellant in this case has not explained why he believed that his second-level supervisor had such discussions. Nor has he described the nature and circumstances of these discussions with sufficient specificity for us to draw an inference that he reasonably believed the information conveyed was protected.

The appellant also argues that disclosure 6 is protected under 5 U.S.C. §2302(b)(9)(A)(i). PFR File, Tab 1 at 21. This provision prohibits retaliation against an individual for "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation – with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." We find that the appellant has not made a nonfrivolous allegation that his disclosure was protected under that provision because he did not claim that his disclosure was made in the course of exercising any such appeal, complaint, or grievance right.

In any event, having reviewed the appellant's OSC complaint, we find no indication that the appellant raised this issue with OSC at all.

*Disclosure 7*

Disclosure 7 was a May 23, 2019 disclosure of information to the agency's OIG that the appellant's supervisors failed to assign him adequate work. IAF, Tab 11 at 13, 109-12. Such communications to an OIG constitute protected activity under 5 U.S.C. § 2302(b)(9)(C). However, the administrative judge found that the appellant failed to exhaust this issue before OSC. ID at 4-5.

As with disclosure 5, the appellant argues on review that his sworn declaration provides adequate evidence of exhaustion. PFR File, Tab 1 at 7; IAF, Tab 11 at 25. However, for the same reasons explained in connection with disclosure 5 above, we find that the appellant's declaration is inadequate to prove by preponderant evidence that he exhausted disclosure 7. *Supra*, 8-10. Without some sort of corroborating evidence, the appellant's vague and conclusory declaration is insufficient to show that he raised the issue before OSC so as to have satisfied the exhaustion requirement.

*Disclosure 8*

As the appellant described it in his jurisdictional pleading, disclosure 8 was an "Analysis of VA Worklist Telepathology" – a report that he provided to supervisory staff on May 15, 2019, and that included a statement regarding his

second-level supervisor's misuse of agency funds. IAF, Tab 11 at 14. In her initial decision, the administrative judge did not reach the issue of whether the appellant exhausted this issue. Instead, she found that the appellant failed to make a nonfrivolous allegation that this disclosure was protected because he summarily concluded that his belief was reasonable without explaining why. ID at 7-8.

On petition for review, the appellant disputes the administrative judge's finding, arguing that his description of this disclosure was sufficiently specific as set forth in his initial appeal filing. PFR File, Tab 1 at 19. However, the appellant's initial appeal filing contains no more information than his jurisdictional pleading, which, as the administrative judge found, was inadequate. IAF, Tab 1 at 17. For the first time on review, the appellant also submits a copy of the Worklist Telepathology Report for the record.[7] PFR File, Tab 1 at 28-31. The report states, among other things, that the appellant's second-level supervisor "failed to coordinate VHA Grassroots telepathology innovation with Telehealth personnel that were involved in telepathology." PFR File, Tab 1 at 28. He appears to have alleged that this lack of coordination resulted in the expenditure of $2 million for a project that was never completed. *Id.* This evidence could support a finding that the appellant made a nonfrivolous allegation that this disclosure was protected.[8]

In any event, we find it unnecessary to reach this issue because the appellant here presented no evidence, apart from his vague and conclusory declaration, that he exhausted this issue with OSC. We, therefore, find that he

---

[7] The agency submitted some brief excerpts from this report for the record below, but these excerpts did not contain the relevant information. IAF, Tab 15 at 113-14.

[8] The appellant also has submitted a number of emails for the first time with his petition for review, but he has not explained the relevance of any of these emails to the jurisdictional issue. PFR File, Tab 1 at 33-60; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

has failed to prove that he met the exhaustion requirement with respect to disclosure 8.

*Disclosure 9*

The appellant described disclosure 9 as having been made on December 23, 2020, to his supervisory chain and as concerning his first-level supervisor's "unbecoming conduct." IAF, Tab 11 at 14. Without reaching the issue of whether the appellant exhausted this issue with OSC, the administrative judge found that he failed to make a nonfrivolous allegation that it was protected. ID at 8. She acknowledged that the appellant characterized this alleged unbecoming conduct as a misuse of agency funds, but she found that the appellant failed to make a nonfrivolous allegation that he had a reasonable belief in the matter because he failed to set forth the facts on which his belief was based. *Id.*

On petition for review, the appellant argues that "the full Analysis of VA Worklist Telepathology as provided to OSC is quite clear about the funds misused . . . and the manner they were misused." PFR File, Tab 1 at 19. Therefore, for the first time, the appellant has clarified that disclosure 9 concerned the same subject matter as disclosure 8. However, that being the case, disclosure 9 suffers from the same infirmities with respect to the Board's jurisdiction; the appellant has not provided adequate evidence of exhaustion.[9] *Supra*, 13-14

*Disclosure 10*

The appellant stated in his jurisdictional response that, on December 31, 2020, he notified everyone in his chain of command that his second-level supervisor was engaging in whistleblower retaliation against him. IAF, Tab 11 at 14-15. In her initial decision, the administrative judge did not reach the exhaustion issue with respect to this disclosure but, instead, found that the appellant failed to make a nonfrivolous allegation that disclosure 10 was

---

[9] The appellant also argues that disclosure 9 was protected under 5 U.S.C. § 2302(b)(9)(A)(i). PFR File, Tab 1 at 21. However, we find that this provision does not apply because he has not alleged that he made this disclosure during the course of an appeal, complaint, or grievance.

protected because he did not explain the basis for his belief that he was the subject of retaliation. ID at 8.

On petition for review, the appellant argues that disclosure 10 was protected under 5 U.S.C. § 2302(b)(9)(A)(i). PFR File, Tab 1 at 21. However, we find that this provision does not apply because this disclosure did not constitute an appeal, complaint, or grievance granted by law, rule, or regulation. Citing *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, 690-97 (1999), the appellant argues that "[w]histleblowing allegations need not constitute factual pleadings." PFR File, Tab 1 at 20. We disagree. *Keefer* does not stand for this proposition. Further, the Board has repeatedly explained that "[a] nonfrivolous allegation is an allegation of fact." *E.g.*, *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 11 (2014).

The appellant also cites *Johnston v. Merit Systems Protection Board*, 518 F.3d 905 (Fed. Cir. 2008), for the proposition that what the relevant management officials knew about his disclosure and when they knew it is not a jurisdictional question but a merits question. PFR File, Tab 1 at 20. The court in *Johnston* made no such holding and, in fact, explicitly stated that, in order to carry his jurisdictional burden, an appellant must make nonfrivolous allegations that his disclosure was a contributing factor in the agency's decision to take an adverse personnel action against him. *Johnston*, 518 F.3d at 912. Nevertheless, considering the record as a whole, including the appellant's allegations that he engaged in protected activity and his allegations that his second-level supervisor thereafter took several personnel actions against him, we find that he has made a nonfrivolous allegation that he reasonably believed that his second-level supervisor was engaging in whistleblower reprisal. IAF, Tab 11 at 11-17. Because whistleblower retaliation is a violation of law under 5 U.S.C. § 2302(b)(8)-(9), we find that the appellant has made a nonfrivolous allegation that his disclosure was protected under 5 U.S.C. § 2302(b)(8)(A)(i).

Turning to the issue of exhaustion, however, we find that the appellant failed to prove by preponderant evidence that he exhausted this matter with OSC. Apart from his vague and conclusory declaration, there is no evidence that he raised the issue with OSC at all.

For these reasons, we agree with the administrative judge that the only disclosure properly before the Board in this appeal is disclosure 1, the appellant's January 28, 2018 disclosure to the agency's OIG.  ID at 8-9.

The appellant has made a nonfrivolous allegation that the agency took seven personnel actions against him for which he exhausted his administrative remedies.

The definition of "personnel action" for the purposes of the WPA is broad, but it is not unlimited.  *See Ruggieri v. Merit Systems Protection Board*, 454 F.3d 1323, 1325 (Fed. Cir. 2006).  The term is defined in 5 U.S.C. § 2302(a)(2)(A), which contains a list of 12 categories of personnel action over which the Board may have jurisdiction in the context of an IRA appeal.

In his jurisdictional pleading, the appellant identified 14 personnel actions that he was raising in his appeal.  The administrative judge found that for only five of these actions did the appellant exhaust his administrative remedies and make nonfrivolous allegations that they constituted "personnel actions" within the meaning of 5 U.S.C. § 2302(a)(2)(A).  ID at 9-12.  These were an August 8, 2018 letter of reprimand (personnel action 1), an October 4, 2018 refusal to rescind that letter of reprimand (personnel action 2), a November 30, 2018 performance evaluation (personnel action 4), a June 17, 2019 reassignment (personnel action 5), and a December 2020 performance evaluation (personnel action 12).[10]  *Id.*  For the remainder of the claimed personnel actions, the administrative judge found that either the appellant did not exhaust his administrative remedies, or they did not meet the legal definition of "personnel action," or both.  ID at 10-12.

---

[10] The administrative judge's summary list of claimed actions for which the appellant exhausted his administrative remedies and made nonfrivolous allegations that they constituted "personnel actions" did not include personnel action 12.  ID at 12.  This appears to have been an oversight.

Among the nine claimed personnel actions that the administrative judge excluded from further consideration on these bases, the appellant has elected to contest her findings on only four of them. The administrative judge's findings on the remaining five (personnel actions 3, 6, 10, 13, and 14) appear correct on their face, and we will not consider them any further. ID at 10-11; *see* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross-petition for review."). The agency has not challenged the administrative judge's findings as to personnel actions 1, 2, 4, 5, or 12. We find no basis to disturb the administrative judge's findings on these issues either.

*Personnel Actions 7 and 9*

The appellant identified personnel actions 7 and 9 as the agency's failure to provide him with a midterm performance review on May 1 and October 15, 2020, respectively. IAF, Tab 11 at 16. In her initial decision, the administrative judge found that, under *King v. Department of Health & Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998), midterm evaluations generally do not rise to the level of personnel actions under 5 U.S.C. § 2302(a)(2)(A). ID at 11-12. She also found that the appellant failed to exhaust his administrative remedies with respect to these matters because he did not raise them before OSC. ID at 10.

On petition for review, the appellant argues that OSC's closeout letter specifically refers to the midterm reviews by stating that midpoint performance reviews generally do not constitute personnel actions. PFR File, Tab 1 22; IAF, Tab 11 at 144. We agree with the appellant, and we find preponderant evidence that he exhausted these failures to provide midterm performance reviews with OSC.

The appellant further argues that these midterm evaluations were not the type of "informal, collaborative, non-consequential, and somewhat prospective" "progress reviews" discussed in *King* but were, instead, more akin to annual performance appraisals, "formal, judgmental, consequential, and retrospective" in nature. PFR File, Tab 1 at 22; *King*, 133 F.3d at 1452. We find that the

appellant's conclusory assertion about the nature of the midterm performance reviews at issue does not constitute a nonfrivolous allegation that they were covered personnel actions. In the absence of some sort of explanation of what "practical consequence" these midterm reviews would have had for him, we cannot find that the appellant made a nonfrivolous allegation that they fall outside the general rule set forth in *King*. We, therefore, find no basis to disturb the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that claimed personnel actions 7 and 9 meet the definition of "personnel action" under 5 U.S.C. § 2302(a)(2)(A). ID at 10 n.5.

*Personnel Actions 8 and 11*

The appellant described personnel action 8 as the agency's failure, on October 16, 2020, to provide him with a performance evaluation for the previous year. IAF, Tab 11 at 16. He described personnel action 11 as the agency's failure to notify him of a change in the date range of his performance period until November 30, 2020 – the very last day of that new performance period. *Id.* In her initial decision, the administrative judge found that the appellant failed to exhaust his administrative remedies with respect to either of these matters. ID at 10 & n.5.

On petition for review, the appellant argues that OSC's closeout letter says "[y]ou stated that you were not aware that the performance period had been altered," which the appellant characterizes as "a clear reference" to personnel actions 8 and 11. PFR File, Tab 1 at 22; IAF, Tab 11 at 114. The administrative judge noted this language in OSC's closeout letter and found that there was no indication that the appellant had raised this issue to OSC as a distinct personnel action but, instead, seemed to have considered the claim as evidence in support of the appellant's claims of retaliation in connection with other personnel actions. ID at 10-11 n.5. We disagree with the administrative judge's reading of OSC's closeout letter, and we find it more likely than not that the appellant raised both

personnel action 8 and personnel action 11 as distinct personnel actions for which he was seeking corrective action. IAF, Tab 11 at 114.

We further find that the appellant has made a nonfrivolous allegation that both of these constituted "personnel actions" within the meaning of 5 U.S.C. § 2302(a)(2)(A)(viii). As we understand it, these two matters are related to one another; in October 2020, the appellant was expecting but did not receive a performance evaluation covering the period from October 2019 through September 2020, and it was only at the end of November 2020 that the agency informed him that he would not be receiving such an evaluation but would instead be evaluated based on a different period of time. IAF, Tab 11 at 16-17. Assuming that these allegations are true, this was an agency decision that would have practical consequences for the appellant's annual performance evaluation.

For these reasons, we find that the appellant exhausted his administrative remedies with respect to personnel actions 1, 2, 4, 5, 8, 11, and 12, and made nonfrivolous allegations that these constituted "personnel actions" for purposes of the WPA.

<u>The appellant failed to make a nonfrivolous allegation that disclosure 1 was a contributing factor in personnel actions 1, 2, 4, 5, 8, 11, or 12.</u>

Once an appellant has made a nonfrivolous allegation that he made a protected disclosure and was subjected to a covered personnel action, he must also make a nonfrivolous allegation that the disclosure was a contributing factor in that action. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 13 (2013). The appellant may meet his burden in a number of ways, the most common being the knowledge/timing test of 5 U.S.C. § 1221(e)(1), under which contributing factor can be established based on temporal proximity between the personnel action and the relevant agency officials' learning of the disclosure. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 22 (2013). Alternatively, contributing factor may be established through other means, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the

personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Any weight given to a whistleblowing disclosure, either alone or in combination with other factors, can satisfy the contributing factor standard. *Powers v. Department of the Navy*, 69 M.S.P.R. 150, 156 (1995).

In her initial decision, the administrative judge found that the personnel actions that had not been excluded for consideration for other reasons were too remote in time from the appellant's January 28, 2013 disclosure to satisfy the knowledge/timing test of 5 U.S.C. § 1221(e)(1). ID at 13. We agree. To satisfy the timing component of the knowledge/timing test, a personnel action must generally be taken within 1 or 2 years of when the relevant officials learned of the disclosure. *See Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003). In this case, the earliest personnel action taken was the letter of reprimand issued on August 8, 2018 (personnel action 1), which was more than 5 years after the appellant's January 28, 2013 alleged protected activity and more than 4 years after the resulting OIG report of investigation.[11] IAF, Tab 11 at 11. The appellant disputes this finding on review, but his arguments are based on the proximity of time between the personnel actions and his more recent disclosures, which, as explained above, are not properly at issue in this appeal. PFR File, Tab 1 at 23-24; IAF, Tab 11 at 20.

---

[11] The appellant previously filed another IRA appeal, alleging retaliation for the January 28, 2013 OIG disclosure. *Freudenberg v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-18-0321-W-2. In his initial decision, the administrative judge in that case found that agency management generally did not become aware that the appellant had made this disclosure until February 2014, when the OIG report was released. IAF, Tab 15 at 33. He also found that the Director for Connected Health did not become aware of this fact until later, on June 16, 2015. *Id.* at 38. Even counting from this latter date, the personnel actions at issue in this appeal still occurred well outside the 2-year window generally considered sufficiently close in time to satisfy the timing prong of the knowledge/timing test.

The administrative judge also found that the appellant failed to make a nonfrivolous allegation of contributing factor based on the considerations set forth in *Dorney*, 117 M.S.P.R. 480. ID at 13-14. She found that, even assuming that the agency's reasons for its actions were weak, the appellant offered no explanation of why either of the relevant agency officials,[12] neither of whom were implicated in the original disclosure or the resulting report of investigation, would be motivated to retaliate against him for it 5 or more years later. *Id.*

On petition for review, the appellant asserts that there is "direct evidence of retaliation" because his second-level supervisor disclosed the appellant's whistleblower status to his former and current supervisors. PFR File, Tab 1 at 23. We do not find that this constitutes direct evidence of retaliation. Furthermore, absent at least a minimum level of detail about the context and content of the second-level supervisor's alleged communications about the appellant's whistleblowing activity, it is difficult to see how this would constitute circumstantial evidence of retaliation either. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that disclosure 1 was a contributing factor in personnel actions 1, 2, 4, 5, or 12. ID at 13-14. The administrative judge's reasoning applies equally to personnel actions 8 and 11, and we likewise find that the appellant failed to make a nonfrivolous allegation that his disclosure was a contributing factor in either of those personnel actions.

---

[12] It appears that the two officials implicated in the relevant personnel actions were the Director for Connected Health and the appellant's second-level supervisor. IAF, Tab 11 at 15-16. It may also be reasonably inferred that the appellant's first-level supervisor was involved in these actions to some extent. If there were any other agency officials involved in taking these actions, the appellant has not identified them.

## NOTICE OF APPEAL RIGHTS[13]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[13] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[14] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[14] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.